NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER ZUBIATE, | No. C 10-04127 JF (PR) |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO PROVIDE COURT WITH LOCATION INFORMATION FOR UNSERVED DEFENDANTS |
| vs. | |
| MATTHEW CATE, et al., | |
| Defendants. | |

Plaintiff, a prisoner currently incarcerated at the Pelican Bay State Prison, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against prison officials for allegedly unconstitutional acts. The Court ordered service of Plaintiff's complaint upon the named defendants. (See Docket No. 5.) The following defendants have not been served.

**DISCUSSION**

**A.   Insufficient Location Information**

The summonses for Defendants J. Bales and R. Phillips were returned unexecuted on April 29, 2011, with the following remark: "No longer at the facility. The facility will

1  not accept service." (Docket Nos. 39 & 40.) Accordingly, Bales and Phillips have not
2  been served.
3      Although a plaintiff who is incarcerated and proceeding in forma pauperis may
4  rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to
5  effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon
6  the appropriate defendant and attempt to remedy any apparent defects of which [he] has
7  knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). Here, Plaintiff's
8  complaint has been pending for over 120 days, and thus, absent a showing of "good
9  cause," is subject to dismissal without prejudice. See Fed. R. Civ. P. 4(m). Plaintiff has
10 not provided sufficient information to allow the Marshal to locate and serve Defendants
11 Bales and Phillips, and consequently Plaintiff must remedy the situation or face dismissal
12 of his claims against these defendants without prejudice. See Walker v. Sumner, 14 F.3d
13 at 1421-22 (holding prisoner failed to show cause why prison official should not be
14 dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with
15 sufficient information to effectuate service). Accordingly, Plaintiff must provide the
16 Court with these Defendants' accurate current location such that the Marshal is able to
17 effect service.

## CONCLUSION

Plaintiff must file notice and provide the Court with the accurate current location of Defendants Bales and Phillips such that the Marshal is able to effect service. **If Plaintiff fails to provide the Court with an accurate current location for them within thirty (30) days of the date this order is filed, Plaintiff's claims against Bales and Phillips will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.**

IT IS SO ORDERED.

DATED: 5/6/11

JEREMY FOGEL
United States District Judge

Order Directing P to locate Ds; Reissuing Summonses
P:\PRO-SE\SJ.JF\CR.10\Zubiate04127_unserved Ds-2.wpd

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAVIER A ZUBIATE,

        Plaintiff,

  v.

MATTHEW CATE, et al.,

        Defendants.

Case Number: CV10-04127 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 5/23/11, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Javier Zubiate J-83189
Pelican Bay State Prison
P.O. Box 7500
S.H.U. D-1-115
Crescent City, CA 95532

Dated: 5/23/11

                                           Richard W. Wieking, Clerk