IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER ZUBIATE, | No. C 10-04127 YGR (PR) |
| Plaintiff, | **ORDER DIRECTING PLAINTIFF TO PROVIDE INFORMATION NECESSARY TO LOCATE DEFENDANT J. PEREZ** |
| vs. | |
| MATTHEW CATE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, filed the present *pro se* prisoner complaint under 42 U.S.C. § 1983. The Court reviewed the complaint pursuant to 28 U.S.C. §1915A, found that the complaint stated a claim for relief upon the named Defendants, and ordered service of process on them. (Docket No. 5.)

Service has been ineffective on Defendant J. Perez. The summons for Defendant Perez was returned unexecuted on March 1, 2012. (Docket No. 117.) Mary Kimbrell, the Litigation Coordinator at California State Prison - Corcoran, has informed the Court that she originally indicated that Defendant Perez "transferred to CSATF[1] in 1997 and then resigned from there in the same year and that [his] forwarding address [was] no longer valid" (*id.*); however, she admitted that she was referring to the wrong "J. Perez," stating:

> We originally accepted service for Officer J[.] Perez, however once we received the complaint and the employee records of the J[.] Perez we have employed here, we discovered that this is not the same J[.] Perez listed in the complaint. The J[.] Perez we have on staff has never worked at PBSP or in IGI,[2] nor was he an officer in 1997.

(*Id.*)

While Plaintiff may rely on service by the United States Marshal, "a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has

---

[1] CSATF stands for California Substance Abuse Treatment Facility.

[2] PBSP stands for Pelican Bay State Prison, and IGI stands for the Institution Gang Investigator.

knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service and the plaintiff is so informed, the plaintiff must seek to remedy the situation or face dismissal of the claims against that defendant under Federal Rule of Civil Procedure 4(m). *See* Fed. R. Civ. P. 4(m) (providing that if service of the summons and complaint is not made upon a defendant in 120 days after the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a showing of "good cause"); *see also Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official).

No later than **twenty-eight (28) days** from the date of this Order, Plaintiff must provide the Court with the current address of Defendant Perez. Plaintiff should review the federal discovery rules, Rules 26-37 of the Federal Rules of Civil Procedure, for guidance about how to determine the current address of this Defendant.

**If Plaintiff fails to provide the Court with the current address of Defendant Perez within the twenty-eight-day deadline, all claims against this Defendant will be dismissed without prejudice under Rule 4(m).**

IT IS SO ORDERED.

DATED: June 19, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**